UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOFIYA GJANBOLAJ,

                Plaintiff(s),

-against-

BRAUN DIVISION OF GILETTE,
THE GILETTE COMPANY and
PROCTER & GAMBLE COMPANY,

                Defendant(s).



JUDGE COTE
08 CIV 3003
NOTICE OF REMOVAL

State Index No.: 5645/08
Civil No.: _____

FILED
MAR 24 2008
USDC WP SDNY

DEFENDANTS THE PROCTER & GAMBLE DISTRIBUTING LLC (named herein as "PROCTER & GAMBLE COMPANY") (hereafter "P&G") and THE GILLETTE COMPANY (incorrectly named herein as "THE GILETTE COMPANY") (hereafter "Gillette), states the following:

1.    Plaintiff commenced this action on or before February 28, 2008, by filing a Summons and Complaint in the New York Supreme Court of Kings County bearing index number 5645/08 and captioned as above. Pursuant to 28 USC § 1446(a), an index of all copies of all process, pleadings and orders served upon defendants, P&G and Gillette, are attached hereto as "Exhibit A," and a copy of the plaintiff's Summons and Verified Complaint is attached hereto as "Exhibit B,".

2.    On or about February 28, 2008, plaintiff served the defendant, P&G with the Summons and Verified Complaint via personal service. On or about March 5, 2008, plaintiff served the defendants, Gillette with the Summons and Verified Complaint via personal service. These were the first notice that defendants, P&G and Gillette received in regards to this alleged incident.

3. This Notice of Removal is being filed within thirty (30) days after receipt of the Summons and Verified Complaint by defendants, P&G and Gillette and is timely pursuant to 28 USC § 1446(b).

4. In the Verified Complaint, plaintiff alleges that on or about October 18, 2006, the plaintiff received personal injuries, including facial burns resulting when the household electric coffee maker made by the defendant, BRAUN, known as type 3106/KF600, listed NOM-176,529, exploded. Upon information and belief, the value of the injuries suffered by the plaintiff exceeds $75,000.00. The basis for this belief is derived from receipt and review of plaintiff's complaint, wherein the plaintiff claims to be "rendered sick, sore, lame and disabled requiring medical treatment." See Verified Complaint, Exhibit "B," at the Seventeenth, Twenty-First and Twenty-Seventh paragraphs. The sufficiency of this claim is not admitted.

5. Defendant, Gillette, is a Massachusetts corporation having its principal place of business in the State of Massachusetts. Defendant P&G is incorporated in and has its principal place of business in Ohio. Plaintiff is a New York resident with a principal domicile in the City of Brooklyn.

6. Pursuant to 28 USC § 1332(c), full diversity exists among all parties.

7. In so far as the amount in controversy is alleged to exceed $75,000.00 and full diversity exists among the parties, removal is proper pursuant to 28 USC § 1332(a) and 28 USC § 1441(a).

8. Contemporaneously herewith, written notice is being given to all adverse parties and to the Clerk of the State of New York, Supreme Court, and County of Kings, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, the defendants, P&G and GILLETTE files this Notice of Removal so that the entire state court action under Index Number 5645/08, now pending in the State of New York, Supreme Court, County of Kings, can be removed to this Court for further proceedings.

Dated: White Plains, New York
       March 24, 2008

                                    Yours, Etc.

                                    _____
                                    Brian T. Stapleton, Esq. (BS5460)
                                    GOLDBERG SEGALLA, LLP
                                    **Attorneys for Defendants**
                                    **The Procter & Gamble Distributing, LLC**
                                    (*named herein as Procter & Gamble Company*)
                                    **And The Gillette Company**
                                    170 Hamilton Avenue, Suite 203
                                    White Plains, New York 10601
                                    Ph: (914) 798-5400
                                    E-mail: bstapleton@goldbergsegalla.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following by deposit in the United States mail, first class postage prepaid, this 24th day of March, 2008.

Irina P. Vaimna, P.C.
Attorneys for Plaintiff
1322 Gravesend Neck Road
Brooklyn, New York 11229
(718) 743-6611

By: _____
Brian T. Stapleton, Esq. (BS5460)
GOLDBERG SEGALLA, LLP
**Attorneys for Defendants**
**The Procter & Gamble Distributing, LLC**
(*named herein as Procter & Gamble Company*)
**And The Gillette Company**
170 Hamilton Avenue, Suite 203
White Plains, New York 10601
Ph: (914) 798-5400
E-mail: bstapleton@goldbergsegalla.com

Exhibit List

A  Index of all copies of all process, pleadings and orders served
B  Summons and Verified Complaint

# EXHIBIT "A"

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
SOFIYA GJANBOLAJ,

                              Plaintiff(s),

          -against-               **State Index No.: 5645/08**

                               **Civil No.:** _____

BRAUN DIVISION OF GILETTE,
THE GILETTE COMPANY and
PROCTER & GAMBLE COMPANY,

                            Defendant(s).

**INDEX OF PROCESS, PLEADINGS AND
ORDERS SERVED UPON DEFENDANTS THE PROCTER & GAMBLE DISTRIBUTING
AND THE GILLETTE COMPANY**

    1.    Summons and Verified Complaint dated January 15, 2008, and filed February 28, 2007.

GOLDBERG SEGALLA, LLP
170 Hamilton Ave., Ste. 203
White Plains, NY 10601

EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X  Index No.: 5645/08
SOFIYA GJANBOLAJ,                                                    Filed: 2/22/08

                                          Plaintiff,    Plaintiff designates
        -against-                                                   Kings County
                                                           as the place of trial.

BRAUN DIVISION OF GILETTE,                                           **SUMMONS**
THE GILETTE COMPANY and
PROCTER & GAMBLE COMPANY,                                            The basis of venue is:
                                                                           Plaintiff's residence:
                                                                           Plaintiff resides at
                                                                           3685 Shore Pkwy, #3
                                                                           Brooklyn, NY 11235
                                        Defendants.
------------------------------------------------------------------X
TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer on the plaintiff's attorney within 20 days after the service of this Summons is complete, exclusive of the day of service, or within 30 days after the service of this Summons is complete if this Summons is not personally delivered to you within the State of New York.

     In case of your failure to answer this Summons, a judgment will be taken against you by default for the relief demanded in the Complaint, together with the costs of this action.

Dated: Brooklyn, New York
            January 15, 2008

                                                Irina P. Vaiman, P.C.
                                                Attorney for Plaintiff
                                                SOFIYA GJANBOLAJ
                                                1322 Gravesend Neck Road
                                                Brooklyn, NY 11229
                                                (718) 743-6611

TO:   BRAUN DIVISION OF GILETTE
       1 Gillette Park
       Boston, MA 02127

       THE GILLETTE COMPANY
       Prudential Tower Building
       Boston, MA 02199-8004

       PROCTER & GAMBLE COMPANY
       One Procter & Gamble Plaza
       Cincinnati, OH 45202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
SOFIYA GJANBOLAJ,                                    Index No.:

                           Plaintiff,
                                                   **VERIFIED COMPLAINT**

    -against-

BRAUN DIVISION OF GILETTE,
THE GILETTE COMPANY and
PROCTER & GAMBLE COMPANY,
                                    Defendants.
------------------------------------------------------------------X

       Plaintiff, by her attorney, IRINA P. VAIMAN, ESQ., complaining of the defendants, respectfully sets forth and alleges upon information and belief, as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION:

1.    That at all times hereinafter mentioned, plaintiff, SOFIYA GJANBOLAJ, was and still is a resident of the State of New York, County of Kings.

2.    That at all times hereinafter mentioned, defendant, BRAUN DIVISION OF GILLETTE (hereinafter "BRAUN"), was and still is a foreign corporation, licensed to do business in the State of New York.

3.    That at all times hereinafter mentioned, defendant, THE GILLETTE COMPANY ("hereinafter "GILLETTE"), was and still is a foreign corporation, licensed to do business in the State of New York.

4.    That at all times hereinafter mentioned, defendant, PROCTER & GAMBLE COMPANY (hereinafter "PROCTER & GAMBLE"), was and still is a foreign corporation, licensed to do business in the State of New York.

5.    That at all times hereinafter mentioned, defendant, BRAUN, was a brand owned by defendants, GILETTE and PROCTER & GAMBLE.

6. That at the time and place hereinafter mentioned, defendant, GILLETTE, was the business unit owned by defendant, PROCTER & GAMBLE.

7. That defendant, BRAUN, is and for a long time prior to October 18, 2006, has been engaged in business of the design, manufacture and sale of coffee makers to ultimate consumers such as plaintiff, and did in fact design and manufacture the coffee maker used by the plaintiff, with the knowledge, permission and consent of the defendants, GILETTE and PROCTER & GAMBLE.

8. That on or about October 13, 2006, defendant, BRAUN, with the knowledge, permission and consent of defendants, GILETTE and PROCTER & GAMBLE, sold to plaintiff, through their authorized distributor, MACY'S, the household electric coffee maker made by defendant, BRAUN, known as type 3106/KF600, listed NOM-176, 529 (hereinafter "THE COFFEE MAKER").

9. That at all times hereinafter mentioned, plaintiff was the owner of THE COFFEE MAKER.

10. That on or about October 18, 2006, plaintiff was lawfully using THE COFFEE MAKER for the purpose and in the manner normally intended, when, suddenly and unexpectedly and without any warning, THE COFFEE MAKER exploded, causing plaintiff to sustain various personal injuries, including but not limited to facial burns, and to sustain general damages.

11. That heretofore and on the 18th day of October, 2006, THE COFFEEMAKER, was so negligently and carelessly designed, tested, manufactured, supervised, and controlled, so as to cause THE COFFEEMAKER to suddenly, and without any notice, signal or warning, explode, thereby causing plaintiff to sustain the

severe, serious, and, upon information and belief, permanent personal injuries and damages hereafter to be more specifically set forth.

12. That the aforesaid occurrence and the injuries and damages resulting therefrom to plaintiff, were caused wholly and solely by reason of the negligence and carelessness of the defendants, and without any negligence on the part of the plaintiff contributing thereto.

13. That solely as a result of the foregoing, plaintiff was caused to sustain severe, serious and, upon information and belief, permanent personal injuries to her head, body and limbs, and a severe shock to her nerves and nervous system; was rendered sick, sore, lame and disabled; was rendered incapacitated and disabled from attending her usual, customary and daily occupation and vocation; was caused to undergo the pain of medical care and attention; was caused to sustain and will in the future sustain a loss of life's enjoyment, and plaintiff was otherwise injured and damaged in the amount to be determined upon the trial of this action.

14. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION:

15. Plaintiff, SOFIYA GJANBOLAJ, repeats reiterates and realleges each and every allegation contained in paragraphs of the Complaint designated "1" through "10" hereinabove with the same force and effect as if same are wholly set forth at length herein.

16. THE COFFEE MAKER was unmerchantable in that it exploded, as a result of which defendants have breached their implied and express warranties to

plaintiff, as a member of general public, for whose use THE COFFEE MAKER was intended by the defendants and offered in the market by the defendants.

17. That solely as a result of the foregoing, plaintiff was caused to sustain severe, serious and, upon information and belief, permanent personal injuries to her head, body and limbs, and a severe shock to her nerves and nervous system; was rendered sick, sore, lame and disabled; was rendered incapacitated and disabled from attending her usual, customary and daily occupation and vocation; was caused to undergo the pain of medical care and attention; was caused to sustain and will in the future sustain a loss of life's enjoyment, and plaintiff was otherwise injured and damaged in the amount to be determined upon the trial of this action.

18. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR THE THIRD CAUSE OF ACTION:

19. Plaintiff, SOFIYA GJANBOLAJ, repeats reiterates and realleges each and every allegation contained in paragraphs of the Complaint designated "1" through "10" hereinabove with the same force and effect as if same are wholly set forth at length herein.

20. THE COFFEE MAKER was defective in that it exploded, as a result of which defendants have become strictly liable to plaintiff.

21. That solely as a result of the foregoing, plaintiff was caused to sustain severe, serious and, upon information and belief, permanent personal injuries to her head, body and limbs, and a severe shock to her nerves and nervous system; was rendered sick, sore, lame and disabled; was rendered incapacitated and disabled from attending her

usual, customary and daily occupation and vocation; was caused to undergo the pain of medical care and attention; was caused to sustain and will in the future sustain a loss of life's enjoyment, and plaintiff was otherwise injured and damaged in the amount to be determined upon the trial of this action.

22. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR THE FOURTH CAUSE OF ACTION:

23. Plaintiff, SOFIYA GJANBOLAJ, repeats reiterates and realleges each and every allegation contained in paragraphs of the Complaint designated "1" through "10" hereinabove with the same force and effect as if same are wholly set forth at length herein.

24. That defendants knew that THE COFFEE MAKER would be used by others and members of general public for its normal and ordinary purpose, without inspection for defects, and by placing it upon the market and by offering it for use by others and by members of general public, they did each represent and warrant that THE COFFEE MAKER would safely do the job for which it was intended and that THE COFFEE MAKER was merchantable and reasonably fit for the ordinary purpose for which it was intended.

25. Contrary to those representations and warranties, THE COFFEE MAKER deisgned, manufactured, sold and distributed by and/or on behalf of the defendants and offered for use to the public by the defendants, was in fact defective, unsafe, unmerchantable and otherwise unfit for its intended and ordinary purposes by reason of the defects stated above.

26. The plaintiff was unaware of the defects of THE COFFEE MAKER which made it defective, unsafe, unmerchantable and otherwise unfit for its intended and ordinary purposes.

27. That solely as a result of the foregoing, plaintiff was caused to sustain severe, serious and, upon information and belief, permanent personal injuries to her head, body and limbs, and a severe shock to her nerves and nervous system; was rendered sick, sore, lame and disabled; was rendered incapacitated and disabled from attending her usual, customary and daily occupation and vocation; was caused to undergo the pain of medical care and attention; was caused to sustain and will in the future sustain a loss of life's enjoyment, and plaintiff was otherwise injured and damaged in the amount to be determined upon the trial of this action.

28. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION:

29. Plaintiff, SOFIYA GJANBOLAJ, repeats reiterates and realleges each and every allegation contained in paragraphs of the Complaint designated "1" through "10" hereinabove with the same force and effect as if same are wholly set forth at length herein.

30. That solely as a result of the aforesaid, plaintiff sustained property damages to her kitchen in the sum of $1,220.00 (ONE THOUSAND TWO HUNDRED TWENTY DOLLARS AND ZERO CENTS), together with interest accrued thereon from the date if the occurrence herein complained of, October 18, 2006.

**WHEREFORE,** plaintiff, SOFIYA GJANBOLAJ, demands judgment against

defendants on the First Cause of Action in the amount to be determined upon the trial of this action, and plaintiff, SOFIYA GJANBOLAJ, demands judgment against defendants on the Second Cause of Action in the amount to be determined upon the trial of this action, and plaintiff, SOFIYA GJANBOLAJ, demands judgment against defendants on the Third Cause of Action in the amount to be determined upon the trial of this action, and plaintiff, SOFIYA GJANBOLAJ, demands judgment against defendants on the Fourth Cause of Action in the amount to be determined upon the trial of this action, and plaintiff, SOFIYA GJANBOLAJ, demands judgment against defendants on the Fifth Cause of Action in the sum of $1,220.00 (ONE THOUSAND TWO HUNDRED TWENTY DOLLARS AND ZERO CENTS), together with interest accrued thereon from the date of the occurrence herein complained of October 18, 2006, together with the costs and disbursements of this action.

Dated:   Brooklyn, NY
         January 15, 2008

Yours, etc.

_____
IRINA P. VAIMAN, ESQ.
Attorney for Plaintiff
1322 Gravesend Neck Road
Brooklyn, NY 11229
(718) 743-6611

## VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF KINGS   )

**SOFIA GJONBALAJ**, being duly sworn deposes and says that she is the plaintiff in the above-entitled action; that she has read the contents of the foregoing and knows the contents thereof and the same is true to her knowledge, except as to matters on information and belief, and as to those matters, she believes it to be true.

Dated: January 15th, 2008
Brooklyn, New York

Sworn to before me this 15th
Day of January, 2008

X _____
SOFIA GJONBALAJ

IRINA P. VAIMAN
Notary Public, State of New York
No. 02VA6005107
Qualified in Kings County
Commission Expires 04/06/20__

SOFIYA GJANBOLAJ,

                    Plaintiff(s),

-against-

BRAUN DIVISION OF GILETTE,
THE GILETTE COMPANY and
PROCTER & GAMBLE COMPANY,

                    Defendant(s).

---

## SUMMONS & VERIFIED COMPLAINT

---

THE LAW OFFICES OF
## IRINA P. VAIMAN, Esq.
*Attorney for*

Office and Post Office Address, Telephone
1322 GRAVESEND NECK ROAD
BROOKLYN, NEW YORK 11229
PHONE: (718) 743-6611
FAX: (718) 743-6211

---

To                                                                      Signature (Rule 130-1.1-a)

                                                                        Print name beneath

Attorney(s) for

---

Service of a copy of the within                                             is hereby admitted.

Dated,

                                                                        Attorney(s) for

---

Please take notice
☐ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order                                      of which the within is a true copy will be presented for
settlement to the HON.                                                      one of the judges
of the within named court, at
on                                    at                     M

Dated,

                                                                            Yours, etc.
                                                        THE LAW OFFICES OF
                                          ## IRINA P. VAIMAN, Esq.
To                                                     *Attorney for*

Attorney(s) for                                     *Office and Post Office Address*
                                                    1322 GRAVESEND NECK ROAD
                                                    BROOKLYN, NEW YORK 11229

1501-DISTRIBUTED BY BlumbergExcelsior Inc. NYC 10013